IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 19-cv00162-RBJ

NISHA GAGLIANO,

    Plaintiff,

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

## ORDER re ATTORNEY'S FEES

Plaintiff moves for an award of attorney's fees in the amount of $18,472.75 pursuant to 42 U.S.C. § 406(b). She states that she has been awarded approximately $87,491.00 in past-due benefit, and that she had a contingency fee agreement entitling her to 25% of that amount. Twenty-five percent would be $21,982.75. However, for reasons not explained, she seeks the somewhat lesser amount of $18,472.75. This is for 32.1 hours of work. ECF No. 27 at 3.

Counsel adds that the parties stipulated to, and the Court awarded, $6,200.00 for the same work under the Equal Access to Justice Act, 28 U.S.C. § 2412, and she will refund that amount to her client if the Court awards the amount requested. Therefore, her client will have paid only 14% of her retroactive benefits, although she agreed to pay 25%. *Id.* at 7. Counsel explains that she spent an additional 17.5 hours advising, counseling, and representing Ms. Gagliano in administrative proceedings that are not included in this request (she has filed a fee petition with

the ALJ requesting $3,400.00 for that work). *Id.* at 4. I note that this would amount to approximately $194 per hour.

In response the government claims to be taking no position. ECF No 28 at 3. However, it states that the Court must independently assess the reasonableness of the terms in contingency-fee agreements to guard against windfalls, and it points out that $18,472.75 for 32.1 hours amounts to an hourly rate of $575.48. *Id.* at 2-3. I suppose the implication is that $575.48 per hour might not be reasonable in the government's view.

Neither party has provided the Court with any meaningful assistance in terms of gauging the reasonableness of the requested fee. Even though the fee agreement calls for a contingency fee of 25% (which counsel is not fully seeking), the Court still considers hours and hourly rates that are reasonably and customarily charged for similar work in this community to determine whether the fee is reasonable. *See, e.g., Russell v. Astrue,* 509 F. App'x 695 (10th Cir. 2013) (unpublished). *See also J.B.W. v. Saul,* No. 19-2615-SAC, 2021 WL 2156416 (D. Kan. May 7, 2021).

The Court does not necessarily find that $575 per hour is unreasonable. However, the parties have given the Court nothing that indicates that it is reasonable. The Court needs more than that.

**ORDER**

Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b), ECF No. 27, is DENIED WITHOUT PREJUDICE.

DATED this 27th day of April, 2022.

2

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge